UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(WHITE PLAINS)

---------------------------------------------------------------X   Case No. 25-22529-shl
In Re:
                                                                   Chapter 11
ROY L. ALBERS,
                                                                   NOTICE OF MOTION TO
                                                                   DISMISS WITH BAR TO
                                                                   REFILING
                         Debtors.
---------------------------------------------------------------X

Upon the annexed *MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY CASE WITH BAR TO REFILING* ("Motion to Dismiss") filed by of Jenelle Arnold, Esq., dated July 18, 2025 and the exhibits annexed thereto, MANUFACTURERS AND TRADERS TRUST COMPANY ALSO KNOWN AS M&T BANK SUCCESSOR BY MERGER TO HUDSON CITY SAVINGS BANK, FSB, ("Creditor"), by and through its authorized loan servicer, Shellpoint Mortgage Servicing ("Shellpoint") a secured creditor, will move this court before the Hon. Judge Sean H. Lane, United States Bankruptcy Judge, on the 3rd of September at 10:00 AM (Hearings conducted via Zoom, see court website for registration information) in the forenoon of that day, or as soon thereafter as counsel may be heard for an Order Dismissing Debtor's Chapter 11 Case with a Bar to Refiling under §1112 to allow Creditor, to proceed with default remedies under state law with respect to the mortgage it holds on the premises known as 11 Flanders Ln, Cortlandt

Manor, NY 10567 (the "Property"), on the grounds that: (1) Debtor filed the petition in bad faith; and (2) there is no reasonable likelihood of a successful reorganization.

Dated: July 18, 2025

                                                          Respectfully submitted,

                                                          */s/ Jenelle Arnold*
                                                          Jenelle Arnold
                                                          Attorney for Creditor
                                                          Aldridge Pite, LLP
                                                          3333 Camino Del Rio S.
                                                          Suite 225
                                                          San Diego, CA 92108
                                                          Telephone: (858) 750-7600
                                                          Facsimile: (619) 590-1385
                                                          Email: JArnold@aldridgepite.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(WHITE PLAINS)

---------------------------------------------------------------X     Case No. 25-22529-shl
In Re:                                                                Chapter 11

ROY L. ALBERS,

        Debtors.
---------------------------------------------------------------X

## MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY CASE WITH BAR TO REFILING

MANUFACTURERS AND TRADERS TRUST COMPANY ALSO KNOWN AS M&T BANK SUCCESSOR BY MERGER TO HUDSON CITY SAVINGS BANK, FSB, ("Creditor"), by and through its authorized loan servicer, Shellpoint Mortgage Servicing ("Shellpoint"), a secured creditor, hereby moves this Court, pursuant to 11 U.S.C. §1112(b) for an Order Dismissing Debtor's Chapter 11 Case with respect to certain real property of the Debtor having an address of 11 Flanders Ln, Cortlandt Manor, NY 10567 (the "Property"), for all purposes allowed by law, the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, the undersigned respectfully states the following under penalty of perjury:

### I. STATEMENT OF FACTS

**A. LOAN HISTORY**

1. The Debtor, Roy L. Albers ("Debtor"), executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $650,000.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit 1**. Creditor is an entity entitled to enforce the Note.

2. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as **Exhibit 2**.

3. All rights and remedies under the Mortgage have been assigned to the Creditor pursuant to that certain assignment of Mortgage, a copy of which is attached hereto as **Exhibit 3**.

4. The Debtor entered into an Agreement to Modify the Loan Effective December 1, 2016. A copy of the Loan Modification Agreement is attached hereto as **Exhibit 4**.

**B.    THE FORECLOSURE**

5. Borrower defaulted under the terms of the Loan Documents and Creditor commenced a Foreclosure proceeding ("Foreclosure"). On January 23, 2020, Creditor obtained a Final Foreclosure Judgment for $883,545.36 ("Judgment"). A copy of the Judgment is attached hereto as **Exhibit 5**.

6. On June 6, 2025, Creditor recorded a Notice of Sale setting a sale date for June 23, 2025. A Copy of the Notice of Sale is attached hereto as **Exhibit 6**.

7. On June 16, 2025, *a week before the scheduled foreclosure sale*, the Debtor filed the instant Bankruptcy Case (discussed below) to stop the scheduled sale.

**C.    THE PRIOR BANKCRUPTCY CASES**

8. On May 23, 2015, Debtor filed a prior Chapter 13 Case in the Southern District of New York and was assigned case number 15-22732-shl (the "First Case"). On July 2, 2020, the Debtor received his Chapter 13 Discharge. A copy of the Court's docket is attached hereto as **Exhibit 7**.

9. On September 6, 2020, Debtor filed another prior Chapter 13 Case in the Southern District of New York and was assigned case number 20-23013-cgm (the "Second Case"). On March 2, 2023, the Court entered an Order Dismissing the Second Case. A copy of the Court's docket is attached hereto as **Exhibit 8**.

10. On May 17, 2023, Debtor filed another prior Chapter 13 Case in the Southern District of New York and was assigned case number 23-22378-cgm (the "Third Case"). On March 14, 2025, the Court entered an Order Dismissing the Third Case. A copy of the Court's docket is attached hereto as **Exhibit 9**.

**D.    THE INSTANT BANKRUPTCY CASE**

11.    On May 22, 2025, *a week before the scheduled sale date*, Debtor filed **a fourth** Chapter 11 Case in the Southern District of New York and was assigned case number 25-22529-shl (the "Bankruptcy Case"). Debtor listed the Property as the **principal residence**. (Dkt No. 1). Debtor listed monthly income of $19,032.88 on Schedule I, and monthly expenses of $16,977.78 on Schedule J, leaving net income of $2,055.10 to fund a Plan. (Dkt No. 1).

12.    To date, Debtor has yet to file an Application to Employ Counsel.

13.    To date, the Debtor has yet to file a Motion to Extend the Automatic Stay (due to the dismissal of the Third Case within the last year).

14.    To date, the Debtor has yet to file monthly operating reports.

15.    To date, Debtor has yet to file and/or confirm a Chapter 11 Plan.

16.    As of July 3, 2025, the approximate arrears owed on the Loan total $379,165.99 (notwithstanding the Judgment). The approximate contractual payment as of July 1, 2025 totals $10,563.36 per month, which includes an escrow impound.

## II.    ARGUMENT

**A. DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED PURSUANT TO 11 U.S.C. § 1112**

**1.    Legal Standard.**

17.    Section 1112 of the Bankruptcy Code provides, in pertinent part:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court **shall** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b)(1) (emphasis added). A movant bears the burden of establishing by preponderance of the evidence that cause exists to convert the case from chapter 11 to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. *In re Lizeric*

*Realty Corp.,* 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995). Once "cause" is established, the burden shifts to the party opposing conversion to show that relief is not warranted. *Id.* For the reasons discussed more fully below, sufficient "cause" exists to convert or dismiss this case.

**2. Cause Exists to Dismiss this Case Based on Failure to Comply with the Bankruptcy Code, Federal Bankruptcy Rules, and Local Bankruptcy Rules, and Failure to Comply with an Order of the Court**

18. Pursuant to 11 U.S.C. §1112(b)(4), a court shall dismiss a case for cause including "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" or failure to comply with an order of the court." 11 U.S.C. §1112(b)(4)(E) and (F).

19. To date, Debtor has yet to file an Application to Employ Counsel.

20. To date, the Debtor has yet to file a Motion to Extend the Automatic Stay (due to the dismissal of the Third Case within the last year).

21. To date, the Debtor has yet to file monthly operating reports.

22. Based on the foregoing, cause exists to dismiss this case pursuant to 11 U.S.C. §§1112(b)(4)(E) and (F).

**3. Cause Exists to Dismiss this Case as there is no Likelihood of a Successful Reorganization**

23. Pursuant to 11 U.S.C. §1112(b)(4)(A), a court may dismiss a case due to a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A). In *United Sav. Ass'n v. Timbers*, the Supreme Court stated that, "there must be a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Associates, Ltd*, 484 U.S. 365, 376 (1988).

24. Here, Debtor failed to make payments owed on the Loan Documents, which resulted in entry of the Foreclosure Judgment. (*See* Exhibit 5). There is no indication from the

Bankruptcy filing to suggest the Property generates income sufficient to pay the defaults in full. Debtor listed no leases on Schedule G to suggest the Property is rented or producing income. (*See* Dkt No. 1). Indeed, the Property is the Debtor's principal residence.

25. Debtor listed monthly income of $19,032.88 on Schedule I, and monthly expenses of $16,977.78 on Schedule J, leaving net income of $2,055.10 to fund a Plan. (Dkt No. 1). However, as of July 3, 2025, the approximate arrears owed on the Loan total $379,165.99 (notwithstanding the Judgment). The approximate contractual payment as of July 1, 2025 totals $10,563.36 per month (Debtor's Schedule J listed a payment of $9,658.78). As the Property is the Debtor's residence, Debtor is prohibited from modifying the Claim in a Chapter 11 Plan. 11 U.S.C. §1123(b)(5). Even if Creditor were allow the Debtor to cure the arrears at 0.00% interest over a 60-month Plan term, the resulting cure payment would exceed $6,300 per month.

26. Debtor lacks the income to pay secured creditors to fund a Plan, and cure the defaults in full. Based on the lack of income to fund a Plan and pay secured and unsecured claims, there is no likelihood of a successful reorganization as any Plan will lack feasibility 11 U.S.C. § 1129(a)(11). Section 1129(a)(11) requires that confirmation is not likely to be followed by liquidation or the need for further reorganization unless the plan proposes it.

27. Retaining property that is not producing net income is evidence of bad faith and such a plan should not be confirmed. *See In re Lindsey*, 122 B.R. 157 (Bankr. M.D. Fla. 1991) ("[T]he court may not and should not permit the debtors to use a [plan] to retain and increase their equity in investment property at the expense of their unsecured creditors."); *see also Loop Corp. v. United States Trustee*, 379 F.3d 511, 515-16 (8th Cir. 2004) (properties must generate positive cash flow to justify retention.

28. There is no indication the Debtor's financial circumstances have improved since dismissal of the Third Case only a few months ago. Debtor's testified at the 341a Meeting of Creditors was that there has not be any change in circumstances since the dismissal of his most recent case. If anything, the Debtor's financial circumstances have gotten worse as the claims have continued to accrue interest, fees, and escrow advances, further depleting any available equity to

pay claims, resulting in a continuing loss to or diminution of the estate.

29. Pursuant to 11 U.S.C. §1112(b)(4)(A), a court may dismiss a case due to a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A).

30. Accordingly, there no likelihood for a successful reorganization, and dismissal or conversion appears to be the only option.

**4.  Cause Exists to Dismiss this Case for Bad Faith**

31. Subsection (b)(4) of section 1112 sets forth a non-exclusive list of examples of cause to dismiss a case. 11 U.S.C. § 1112(b)(4). The list of matters constituting cause for dismissal is not exclusive and chapter 11 petitions may be dismissed for bad faith. *In re SGL Carbon Corp.*, 200 F.3d 154 (3d Cir. 1999). Serial filings are not considered to be *per se* bad faith. *See In re Elmwood Dev. Co.,* 964 F.2d 508, 511 (5th Cir. 1992) (finding that the Code itself contains no absolute bar against filing a second Chapter 11 petition); *Downey Sav. & Loan Ass'n v. Metz (In re Metz),* 820 F.2d 1495, 1497 (9th Cir.1987); *see also Johnson v. Home State Bank,* 501 U.S. 78, 87 (1991) (permitting serial filings under chapter 7 and then chapter 13). Instead, the court must review the totality of the circumstances to determine the issue of bad faith. *In re Metz,* 820 F.2d at 1498 (citing *Goeb v. Held (In re Goeb),* 675 F.2d 1386, 1391 (9th Cir.1982)); *Elmwood Dev.*, 964 F.2d at 510 (it involves a "collation of factors, rather than any single datum").

32. "Bad faith" is somewhat of misnomer. It is *not necessary* to show ill will or malicious conduct on the part of the debtor or intentional abuse of the bankruptcy laws. All that need to be shown is that the petition or pleading was filed for a purpose other than that sanctioned by the Code. (*See In re McCormick Road Assocs.*, 127 B.R. 410, 415 (Bankr. N.D. Il. 1991); *In re Southern Calif. Sound Systems, Inc.*, 69 B.R. 896, 901, fn. 2 (Bankr. S.D. Cal. 1987). The court

must review the totality of the circumstances to determine the issue of bad faith. *Little Creek Develop. Co.*, 779 F2d 1068, 1072 (5th Cir. 1986); *In re Albany Partners, Ltd.*, 749 F2d 670, 674 (11th Cir. 1984). All facts and circumstances *leading up to the filing of the bankruptcy case are considered, as well as the debtors' conduct during the case. See In re Charfoos*, 979 F2d 390, 394-395 (6th Cir. 1992); *In re Laguna Assocs. Ltd. P'ship*, 30 F3d 734, 738 (6th Cir. 1994); *In re Robino*, 243 B.R. 472, 487 (Bankr. N.D. Al. 1999).

33. The instant case was not filed in good faith as a matter of fact and law. Creditor obtained a Foreclosure Judgment. (Exhibit 5). However, Creditor has been unable to exercise rights under state law as the Debtor has engaged in a scheme to hinder or delay Creditor's rights.

34. The below facts present a clear pattern of abuse:

   a. Following the Debtor's default on the Note, Creditor commenced the Foreclosure Case.

   b. On May 23, 2015, Debtor filed a prior Chapter 13 Case in the Southern District of New York and was assigned case number 15-22732-shl (the "First Case").

   c. On January 23, 2020, Creditor obtained a Final Foreclosure Judgment for $883,545.36.

   d. On September 6, 2020, Debtor filed another prior Chapter 13 Case in the Southern District of New York and was assigned case number 20-23013-cgm (the "Second Case"). On March 2, 2023, the Court entered an Order Dismissing the Second Case.

   e. On May 17, 2023, Debtor filed another prior Chapter 13 Case in the Southern District of New York and was assigned case number 23-22378-cgm (the "Third Case"). On March 14, 2025, the Court entered an Order Dismissing the Third Case.

   f. On June 6, 2025, Creditor recorded a Notice of Sale setting a sale date for June 23, 2025.

   g. On June 16, 2025, *a week before the scheduled foreclosure sale*, the Debtor filed the instant **fourth** Bankruptcy Case to stop the scheduled sale.

35. The Second Circuit endorsed the principle that a Chapter 11 case could be dismissed as a bad faith filing in a single asset real estate case where the debtor filed a Chapter 11 petition in response to a foreclosure commenced by a secured creditor. *In re C-TC 9th Ave. Partnership,* 113 F.3d 1304 (2d Cir. 1997). The Circuit Court held that the Bankruptcy Court did not abuse its discretion in dismissing the case where "on the filing date there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings." *C-TC 9th Ave. Pshp.*, 113 F.3d at 1309.

36. The Court in *C-TC 9th Ave. Partnership* set forth the factors that tended to establish that the debtor in that case did not have a valid reorganizational purpose: (1) the debtor has only one asset; (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow; (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and (8) the debtor has no employees. *In re C-TC 9th Ave. Partnership,* 113 F.3d 1304 (2d Cir. 1997); *In re* 652 W. 160th LLC, 330 B.R. 455, 462 (Bankr. S.D.N.Y. 2005).

37. Many of these factors are present in this case. Here, the Subject Loan has been in default for years. As a result, Creditor commenced a valid foreclosure and obtained a Judgment. Creditor has been unable to exercise its rights under state law due to the multiple bankruptcy filings, timed to frustrate the scheduled foreclosure sale. In the meantime, the Subject Loan has remained in default, with Creditor paying taxes and insurance.

38. Considering the above facts and the totality of circumstances, Debtor's petition was filed in "bad faith": (1) it appears Debtor owns only one asset; (2) the Debtor has few secured creditors; (3) the Debtor's only assets are subject to a foreclosure actions as a result of arrearages

or default on the debt; (4) the Debtor's financial condition is, in essence, a two party dispute between the Debtor and Creditors, which can be resolved in the pending state foreclosure actions; (5) the timing of the filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights; (6) the Debtor is unable meet current expenses including the payment of taxes and insurance as Creditors maintain taxes and insurance through an escrow account; (7) the petition is a "skeletal filing" with incomplete or missing information; (8) Debtor failed to file required documents; and (9) there have been multiple Bankruptcy cases filed.

39.     Considering the above facts and the totality of circumstances, Debtor's petition was filed in "bad faith." Debtor has filed at least three recent Bankruptcy Cases. Based on the foregoing, Creditor asserts Debtor has acted in bad faith and cause exists to dismiss this Chapter 11 Case, **with prejudice and a bar to refiling any bankruptcy case for a two (2) year period by the Debtor.**

**B.    DISMISSAL _WITH PREJUDICE_ FOR A TWO (2) YEAR PERIOD IS IN THE BEST INTERESTS OF CREDITORS**

40.     Under § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of several court actions will best serve the estate's creditors. It must decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and identify whether there are unusual circumstances establishing that dismissal or conversion is not in the best interests of creditors and the estate. *In re Adamo*, 2016 LEXIS 694, *27 (Bankr. E.D.N.Y. Mar. 4, 2016). When deciding between dismissal and conversion under section 1112(b), "a bankruptcy court must consider the best interest of the creditors and the estate." *In re Froman*, 566 B.R. 641, 651 (Bankr. S.D.N.Y 2017) (emphasis in original; internal quotes omitted) (citing *Bankr. Doc. 68 at 12:8-10)*. Thus a court should dismiss a case when a debtor has little to no unsecured creditors and almost no unencumbered nonexempt

assets, thereby indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf of. *In re Grego*, 2015 WL 3451559, at *8 (9th Cir. BAP May 29, 2015).

41.     Here, it does not appear the Debtor owns any unencumbered nonexempt assets. As stated in *Grego*, the court should dismiss a case when a debtor has little to no unsecured creditors and almost no unencumbered nonexempt assets, thus indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf. *Id*. As there appears to be no unencumbered assets and no unsecured creditors, conversion of the case to a Chapter 7 will only serve as a further delay. Accordingly, this case should be dismissed.

42.     Finally, Creditor requests dismissal with a **2-year bar to refiling based on the bad faith conduct outlined above**. Based on the foregoing, Creditor asserts Debtor has not acted in good faith and requests **dismissal of the case with a two-year bar to refiling any bankruptcy case by the *Debtor,* under any chapter in any jurisdiction**. A bankruptcy court may enjoin a debtor from filing a bankruptcy case for periods exceeding 180 days if the debtor is a serial filer and files the case in bad faith. *In re Casse*, 198 F.3d 327 (2d Cir. 1999). ***In the alternative, Creditor requests prospective in rem relief from the automatic stay under 11 U.S.C. §362(d)(4) for a two year period as to the Subject Property***.[1]

> **WHEREFORE**, Creditor prays that this Court issue an Order
> 1.     Dismissing the Chapter 11 Case *with prejudice*; and
> 2. Dismissing the Chapter 11 Case with a **with a two year bar to refiling any bankruptcy case by *Debtor* under any chapter in any jurisdiction**;
> 3. In the alternative, Creditor requests prospective in rem relief from the automatic stay

---

[1] Creditor intends to file a concurrent Motion for Relief from the Automatic Stay upon client review and approval.

under 11 U.S.C. §362(d)(4) for a two year period as to the Subject Property; and

4. Such other relief as the Court deems just and proper.

Dated: July 18, 2025

        Respectfully submitted,

        */s/ Jenelle Arnold*
        Jenelle Arnold
        Attorney for Creditor
        Aldridge Pite, LLP
        3333 Camino Del Rio. S.
        Suite 225
        San Diego, CA 92108
        Telephone: (858) 750-7600
        Facsimile: (619) 590-1385
        Email: JArnold@aldridgepite.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

---------------------------------------------------------------X   Case No. 25-22529-shl
In Re:

                                                              Chapter 11

ROY L. ALBERS,

                Debtor.                                       **CERTIFICATE OF SERVICE**
---------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a copy of the Motion To Dismiss Debtor's Chapter 11 Bankruptcy Case With Bar To Refiling was served via electronic means and/or mailed by U.S. Mail on July 18, 2025 to the parties listed below:

Roy L. Albers
11 Flanders Ln
Cortlandt Manor, NY 10567-7030
(via U.S. Mail)

H. Bruce Bronson, Jr.
Bronson Law Offices, P.C.
Bronson Law Offices, P.C.
480 Mamaroneck Avenue
Harrison, NY 10528-0023
ecf@bronsonlaw.net
(via electronic notice & Email)

Department of Justice
Southern District of New York (White Plains)
Office of the United States Trustee -NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
USTPRegion02.NYECF@USDOJ.GOV
(via electronic notice & Email)

*See Attached List for Additional Creditors Served

Respectfully submitted,

/s/Jenelle C. Arnold
By: JENELLE C. ARNOLD
Aldridge Pite, LLP
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile:
Email: jarnold@aldridgepite.com

CREDITORS SERVED:

Bank of America
PO Box 31785
Tampa, FL 33631-3785

MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

Daniel Williams
410 Trump Park
Shrub Oak, NY 10588-1212


Bank of America
4909 Savarese Circle
Tampa, FL 33634-2413