UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(WHITE PLAINS)

---------------------------------------------------------------X    Case No. 25-22529-shl
In Re:                                                              Chapter 11

ROY L. ALBERS,

        Debtors.
---------------------------------------------------------------X

## OPPOSITION TO DEBTOR'S LOSS MITIGATION REQUEST

MANUFACTURERS AND TRADERS TRUST COMPANY ALSO KNOWN AS M&T BANK SUCCESSOR BY MERGER TO HUDSON CITY SAVINGS BANK, FSB, ("Creditor"), by and through its authorized loan servicer, Shellpoint Mortgage Servicing ("Shellpoint"), a secured creditor, hereby files the instant *Opposition to Debtor's Loss Mitigation Request* ("Opposition") with respect to certain real property of the Debtor having an address of 11 Flanders Ln, Cortlandt Manor, NY 10567 (the "Property"), for all purposes allowed by law, the Note (defined below), the Mortgage (defined below), and applicable law. In further support of this Opposition, the undersigned respectfully states the following under penalty of perjury:

      **I.**      **STATEMENT OF FACTS**

**A. LOAN HISTORY**

    1.    The Debtor, Roy L. Albers ("Debtor"), executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $650,000.00 (the "Note").

    2.    Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and Mortgage are secured by the Property.

    3.    All rights and remedies under the Mortgage have been assigned to the Creditor.

    4.    The Debtor entered into an Agreement to Modify the Loan Effective December 1,

2016. Debtor defaulted under the terms of the Loan Modification Agreement. A copy of the Loan Modification Agreement is attached hereto as **Exhibit 1**.

**B.    THE FORECLOSURE**

5.    Borrower defaulted under the terms of the Loan Documents and Creditor commenced a Foreclosure proceeding ("Foreclosure"). On January 23, 2020, Creditor obtained a Final Foreclosure Judgment for $883,545.36 ("Judgment"). A copy of the Judgment is attached hereto as **Exhibit 2**.

6.    On June 6, 2025, Creditor recorded a Notice of Sale setting a sale date for June 23, 2025. A Copy of the Notice of Sale is attached hereto as **Exhibit 3**.

7.    On June 16, 2025, *a week before the scheduled foreclosure sale*, the Debtor filed the instant Bankruptcy Case (discussed below) to stop the scheduled sale.

**C.    THE PRIOR BANKCRUPTCY CASES**

8.    On May 23, 2015, Debtor filed a prior Chapter 13 Case in the Southern District of New York and was assigned case number 15-22732-shl (the "First Case"). On July 2, 2020, the Debtor received his Chapter 13 Discharge. A copy of the Court's docket is attached hereto as **Exhibit 4**.

9.    On September 6, 2020, Debtor filed another prior Chapter 13 Case in the Southern District of New York and was assigned case number 20-23013-cgm (the "Second Case"). A copy of the Court's docket is attached hereto as **Exhibit 5**.

10.    During the Second Case, the Parties participated in the Court's Loss Mitigation Program ("MMM Program"). On October 16, 2020, the court entered a MMM Order. After two years in the MMM Program, on October 31, 2022, the Court entered an Order Terminating the Loss Mitigation, without an agreement between the Parties. (*See* Second Case, Dkt No. 84, **Exhibit 6**).

11.    On March 2, 2023, the Court entered an Order Dismissing the Second Case.

12.    On May 17, 2023, Debtor filed another prior Chapter 13 Case in the Southern

District of New York and was assigned case number 23-22378-cgm (the "Third Case"). A copy of the Court's docket is attached hereto as **Exhibit 7**.

13. During the Third Case, the Parties once again participated in the Court's MMM Program. On June 29, 2023, the court entered a MMM Order. After years in the MMM Program, on December 30, 2024, the Court entered an Order Terminating the Loss Mitigation, without an agreement between the Parties. (*See* Third Case, Dkt No. 96, **Exhibit 8**).

14. On March 14, 2025, the Court entered an Order Dismissing the Third Case.

**D.    THE INSTANT BANKRUPTCY CASE**

15. On May 22, 2025, ***a week before the scheduled sale date***, Debtor filed **a fourth** Chapter 11 Case in the Southern District of New York and was assigned case number 25-22529-shl (the "Bankruptcy Case"). Debtor listed the Property as the **principal residence**. (Dkt No. 1).

16. To date, Debtor has yet to file an Application to Employ Counsel.

17. To date, the Debtor has yet to file a Motion to Extend the Automatic Stay (due to the dismissal of the Third Case within the last year).

18. To date, the Debtor has yet to file monthly operating reports.

19. To date, Debtor has yet to file and/or confirm a Chapter 11 Plan.

20. On July 7, 2025, Debtor once again filed a *Loss Mitigation Request* ("MMM Request") in the instant Bankruptcy Case. (Dkt No. 12).

21. As of July 3, 2025, the approximate arrears owed on the Loan total $379,165.99 (notwithstanding the Judgment). The approximate contractual payment as of July 1, 2025 totals $10,563.36 per month, which includes an escrow impound.

## II.    ARGUMENT

22. First, Debtor already received a favorable Loan Modification and defaulted thereunder. (See Exhibit 1).

23. Second, following the Debtor's default, Creditor obtained a Final Foreclosure

Judgment. However, Creditor has been unable to proceed with its rights under state law based on the multiple Bankruptcy filings by the Debtor timed to delay the foreclosure sale (at least four cases). (*See* Exhibits 2-7).

24. Fourth, the Parties already participated in the Court's MMM Program in both the Second Case and Third Case. Despite years of participation in the Program, the Parties failed to reach an agreement, resulting in termination of the loss mitigation order(s). (*See* Exhibits 6, 8).

25. Fifth, there is no indication from the Bankruptcy filing to suggest the Property generates income sufficient to pay the defaults in full. Debtor listed no leases on Schedule G to suggest the Property is rented or producing income. (*See* Dkt No. 1). Indeed, the Property is the Debtor's principal residence. As of July 3, 2025, the approximate arrears owed on the Loan total $379,165.99 (notwithstanding the Judgment). The approximate contractual payment as of July 1, 2025 totals $10,563.36 per month. As the Property is the Debtor's residence, Debtor is prohibited from modifying the Claim in a Chapter 11 Plan. 11 U.S.C. §1123(b)(5). Debtor lacks the income to pay secured creditors to fund a Plan, and cure the defaults in full. There is no indication the Debtor's financial circumstances have improved since dismissal of the Third Case only a few months ago. If anything, the Debtor's financial circumstances have gotten worse as the claims have continued to accrue interest, fees, and escrow advances, further depleting any available equity to pay claims, resulting in a continuing loss to or diminution of the estate.

**WHEREFORE**, Creditor prays that this Court issue an Order

1. Denying Debtor's Loss Mitigation Request; and
2. Such other relief as the Court deems just and proper.

Dated: July 18, 2025

Respectfully submitted,

*/s/ Jenelle Arnold*
Jenelle Arnold
Attorney for Creditor

                                                Aldridge Pite, LLP  
                                                3333 Camino Del Rio. S.  
                                                Suite 225  
                                                San Diego, CA 92108  
                                                Telephone: (858) 750-7600  
                                                Facsimile: (619) 590-1385  
                                                Email: JArnold@aldridgepite.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

---------------------------------------------------------------X      Case No. 25-22529-shl
In Re:

                                                                   Chapter 11

ROY L. ALBERS,

                 Debtor.                                     **CERTIFICATE OF SERVICE**
---------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the Opposition To Debtor's Loss Mitigation Request was served via electronic means and/or mailed by U.S. Mail on July 18, 2025 to the parties listed below:

Roy L. Albers
11 Flanders Ln
Cortlandt Manor, NY 10567-7030
(via U.S. Mail)

H. Bruce Bronson, Jr.
Bronson Law Offices, P.C.
Bronson Law Offices, P.C.
480 Mamaroneck Avenue
Harrison, NY 10528-0023
ecf@bronsonlaw.net
(via electronic notice & Email)

Department of Justice
Southern District of New York (White Plains)
Office of the United States Trustee -NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
USTPRegion02.NYECF@USDOJ.GOV
(via electronic notice & Email)

ADDITIONAL CREDITORS SERVED (*See Attached List):

Respectfully submitted,

/s/Jenelle C. Arnold
By: JENELLE C. ARNOLD
Aldridge Pite, LLP
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile:
Email: jarnold@aldridgepite.com

CREDITORS SERVED:

Bank of America
PO Box 31785
Tampa, FL 33631-3785

MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

Daniel Williams
410 Trump Park
Shrub Oak, NY 10588-1212

Bank of America
4909 Savarese Circle
Tampa, FL 33634-2413